Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
and the Putative Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE SHANAHAN, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FINANCE CAPITAL GROUP, an unknown business entity, ROYAL ADMINISTRATION SERVICES, INC., a Massachusetts limited liability company, PAYLINK PAYMENT PLANS, LLC<br><br>Defendants. | Case No.: 8:19-cv-1106<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.     Plaintiff Catherine Shanahan ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant FINANCE CAPITAL GROUP, ("Defendant FCG") Defendant ROYAL ADMINISTRATION SERVICES, INC., ("Defendant Royal") and Defendant PAYLINK PAYMENT PLANS, LLC ("Defendant PAYLINK"), an unknown business entity, (together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons

1

injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Defendants sell and provide aftermarket extended auto insurance. As a primary part of marketing their products and services, Defendants and their agents placed thousands of automated calls employing a prerecorded voice message to consumers' cell phones nationwide.

3. Unfortunately, Defendants did not obtain prior express written consent to place these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of a prerecorded voice called to consumers' cell phones without their consent.

6. By placing the calls at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class and caused them to suffer actual and statutorily recognized harm.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop clogging consumers' cell phones with unwanted prerecorded messages, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff Catherine Shanahan is a natural person and is a citizen of the Northern District of Illinois.

9. Defendant FCG is an unknown business entity organized and existing under the laws of the State of California with its principal place of business at 4 Hutton Center Drive, Suite 220, Santa Ana, CA 92707.

10. Defendant Royal is a limited liability corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 51 Braintree Hill Park Ste 310, Braintree, Massachusetts 02184-8704.

11. Defendant Paylink is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 150 N Wacker Drive, Suite 2700, Chicago, Illinois, 60606.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13. This Court has personal jurisdiction over Defendants because the events giving rise to this lawsuit occurred in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in this District.

## COMMON FACTUAL ALLEGATIONS

15. Defendants sell and administer aftermarket extended auto warranties.

16. To increase the sales of their auto warranties and avoid paying for legitimate and legal forms of advertising, Defendants implemented a campaign to make telemarketing calls to thousands of consumers around the country simultaneously. Specifically, Defendants amassed the names, phone numbers, and vehicle information for thousands of consumers, from unknown sources, and then placed unsolicited calls offering extended auto warranty coverage.

17. When the Class members answered their cell phones thinking a real person was calling, Defendants pulled a bait and switch by playing a prerecorded voice message advertising auto warranties.

18. Defendants respected Class Members' time and privacy so little that they did not even hire a real person to call them – they used a machine to play prerecorded messages to thousands of consumers at once in the hopes that a couple may purchase Defendant's product and justify the annoyance to the rest of the Class as the "cost of doing business."

19. Unfortunately, Defendants failed to obtain any prior express written consent from consumers before bombarding their cell phones with these annoying voice recordings.

### FACTS SPECIFIC TO PLAINTIFF CATHERINE SHANAHAN

20. On May 24, 2019, Plaintiff received a call from Defendants from 888-213-9941 on her cell phone.

21. When Plaintiff answered the phone, she heard a prerecorded voice message advertising extended auto warranties.

22. Plaintiff "pressed one" and was then connected with Defendants and/or their agents.

23. The live telemarketing agent said that he was selling "mechanical breakdown protection" from Defendants.

24. Plaintiff discussed the possibility of purchasing the plan from Defendants.

25. Plaintiff received a copy of the plan which contained the company information from Defendants.

26. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants and has never requested that Defendants contact him in any manner, let alone place prerecorded voice calls to his cell phone.

### CLASS ALLEGATIONS

27. **Class Definition**: Plaintiff Shanahan brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and a class defined as follows:

> **No Consent Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular telephone; (4) that was played a prerecorded voice message; (5) for the purpose

of marketing Defendant's products or services; (6) where Defendant did not have any record of prior express written consent to place such call at the time it was made.

28. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

32. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class

members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i.      Whether Defendants' conduct violated the TCPA;

ii.     Whether Defendants called and played its voice recordings to thousands of cell phones;

iii.    Whether Defendants obtained prior written consent prior to contacting any members of the Class;

iv.     Whether members of the Class are entitled to treble damages based on the knowing or willfulness of Defendants' conduct.

34.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION

## Violation of 47 U.S.C. § 227

### (On behalf of Plaintiff and the Class)

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Defendants and/or their agents placed telephone calls to Plaintiff's and the Class members' cellular telephones, without having their prior express written consent to do so.

37. Defendants' telephone calls were made for the purpose of marketing and advertising Defendants' extended auto warranty products.

38. Defendants played a prerecorded voice message to the cell phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

39. By calling and playing the prerecorded voice message to Plaintiff's and the Class's cellular telephones without their prior express written consent, Defendants violated 47 U.S.C. §227(b)(1)(A)(iii).

40. As a result of its unlawful conduct, Plaintiff's and the Class suffered statutory damages under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil penalties for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

41. Defendants and/or their agents made the violating calls "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

42. If the court finds that Defendants willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Catherine Shanahan, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Catherine Shanahan as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C.	An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E.	An injunction prohibiting Defendants from employing automated prerecorded messages without obtaining, and maintaining records of the call recipients' prior express consent to receive calls made with such equipment, and otherwise protecting the interests of the Class;

F.	An award of actual and statutory damages;

G.	An award of reasonable attorneys' fees and costs; and

H.	Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 4, 2019

Respectfully submitted,

CATHERINE SHANAHAN, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch                    .
Plaintiff's Attorney

Mark L. Javitch (SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
CATHERINE SHANAHAN
and the Putative Class